## BROOKS *v.* CROSBY *et al.*

A PARTY who appears at the taking of a deposition and examines the witness without objecting to his competency cannot afterwards interpose that objection.

Brooks *v.* Crosby.

Where the parties stipulated that a deposition which had been taken in another
action should be used on the trial "with the same force and effect, and subject
to the same exceptions, as if taken in this case :" *held*, that the stipulation
was a waiver of any objection to the competency of the witness.

Where the interest of a witness is disclosed during the examination in chief, an
objection to his competency must be taken before the cross-examination. The
opposing party cannot take the chances of a cross-examination and then move
to strike out.

What latitude shall be allowed to a plaintiff in introducing evidence in rebuttal
after defendant has rested, is entirely discretionary with the trial Court, and
its action in this respect is not subject to review upon appeal.

Where the charge of the Court, taken as a whole, fairly submitted the case to the
jury, the judgment will not be disturbed because that some instructions were
refused which could properly have been given, or that some of those given
are subject to verbal criticism.

APPEAL from the Twelfth Judicial District.

This is an action of ejectment brought by B. S. Brooks against
William Crosby and others, executors of John Clyne, to recover
twenty acres of land lying within the limits of the City of San
Francisco. Plaintiff derives his title from one Foley, and on the
trial sought to recover by showing a prior possession of the prem-
ises in Foley. Both Foley and Clyne, the defendants' testator,
were living upon the premises in 1853, and the principal question
mooted was as to which of the two were in the actual possession at
that time. The testimony was voluminous and conflicting, that of
plaintiff tending to show that the occupation of Clyne was under
Foley, and that of defendants that Clyne had a possession inde-
pendent and adverse.

On the trial plaintiff offered in evidence the deposition of one
Welch, which had been taken in another case. It had been stipu-
lated by the parties in the present action, " that the deposition of
A. Welch, taken in the case of *Zenos Coffin* v. *John Clyne* in this
Court, may be used in evidence with the same force and effect, and
subject to the same exceptions and objections in all respects as if
taken in this case." No objection to the competency of the wit-
ness was taken in the deposition. From certain deeds which were
in evidence it appeared that Welch had once been the owner of the
premises by conveyance from Foley, and that he had only, so far
as these deeds showed, parted with a portion of the title, still

Brooks *v.* Crosby.

remaining the owner of an undivided interest. The deposition showed an examination of Welch upon the question of his interest in the same premises sought to be recovered in this action, in which he stated that he had once owned an interest but had sold it. Defendants objected to the reading of the deposition on the ground of interest in the witness; the objection was overruled and defendants excepted.

The plaintiff called as a witness one Shear, and in the course of his examination in chief a deed was introduced which showed that witness had once owned an undivided interest in the premises. Defendants cross-examined him at length on other matters, and then moved to strike out his evidence on the ground that he was interested, which the Court denied, and defendants excepted. Plaintiff then proposed to question the witness for the purpose of disproving his apparent interest. Defendants objected on the ground that the interest having been shown *aliunde* by a deed, could not be disproved by his own evidence. The Court overruled the objection and defendants excepted, and the witness then stated that he had sold all his interest to one Parsons before the commencement of the action.

The plaintiff, in making out his case, introduced evidence tending to show that Clyne had occupied the premises as tenant of Foley, and proved admissions of Clyne that he had paid Foley rent. The defendants' evidence tended to disprove any tenancy. After defendants rested, plaintiff called in rebuttal one Harkness, and proposed to prove by him that he knew of Clyne having paid rent to Foley. Defendants objected on the ground that the evidence was not proper in rebuttal; that plaintiff having in his chief examination gone into this question should have exhausted his proof upon it. The objection was overruled and exception taken by defendants.

A large number of instructions were asked by the parties, the action of the Court upon many of which is assigned as error; but as they were not separately considered in the opinion they are omitted from this statement. The verdict and judgment were for the plaintiff and defendants appeal.

*D. Bixler*, for Appellants.

I.   The evidence was insufficient to justify the verdict.   The defendants claim that according to the testimony neither Foley nor his grantees had any prior actual possession of the premises, but whatever question there may be as to the possession up to 1853 and during that year, there is none as to the possession subsequently.   From that time it is not disputed that Clyne was in the actual exclusive possession until his death, November 13th, 1860, and his executor since.   This action was not commenced until December 11th, 1860, and the defendants having shown an adverse possession for more than five years previously, under their plea of the Statute of Limitations the plaintiff was barred of recovery.

II.   The Court should have excluded the deposition of Welch, on the objection of defendant, that being a joint tenant or tenant in common with plaintiff—as appeared by the deeds put in evidence —a recovery would inure to his benefit, and he was interested. (*Barrett* v. *French*, 1 Conn. 364, 365; *Rogers* v. *Mabe*, 4 Devereux, 180, 196; *Smith* v. *Blackman*, 1 Salk. 283.)

Where a *prima facie* case has been made out against the defendant, as tenant in possession, a witness is incompetent to prove himself the real tenant, and that the defendant was only his bailiff. (*Doe* v. *Wilde*, 5 Taunt. 183), per Mansfield, C. J.: "He comes to rebut a verdict which would have the effect of turning him out immediately, and that is an immediate interest, and outweighs the contrary and remoter effect of his subjecting himself, by his testimony, to an action."   (And see, also, *Doe* v. *Bingham*, 4 Barn. & Ald. 560, 561.)

Nor is a tenant in possession a competent witness to support his landlord's title, because it is to uphold his own possession.   (*Doe* v. *Williams*, Cowper, 621; *Doe* v. *Pye*, 1 Esp. 364.)

III.   The Court erred in refusing to strike out the testimony of the plaintiff's witness, Wm. Shear, on the ground that he was interested in the premises.   (Rec. 44.)

Admitting that where the interest of the witness appears by his own parol testimony, when no writing is produced, he may remove

that interest by the same testimony, we contend that if such interest appear *aliunde,* independent of his own examination, or when during his examination, a deed or writing is produced showing his interest, that interest must be overcome by evidence independent of his own, or by the introduction of a deed or writing divesting him of the interest. (*The Watchman,* Ware, 235, 236; *Murray* v. *Marsh,* Phillips' Ev. 101, 102; 2 Hayw. 290; *Mifflin* v. *Bingham,* Peake's Ev. 186; 1 Dall. 272; *Bridge* v. *Wellington,* 1 Mass. 219; *Anderson* v. *Young's Executors,* 21 Penn. State, 447; *Banks* v. *Clegg,* 14 Id. 391; *Goodhay* v. *Hendry,* 1 Mood. & Malk.; *Wandless* v. *Cawthorne,* Id. 321, note 319; Anonymous, Id. same page; and see also *Montressor* v. *Rice,* 3 Wend. 180; *Evans* v. *Gray,* 1 Mart. Lou. N. S. 709; *Mott* v. *Hicks,* 1 Cow. 513, 535, 540.)

The witness was therefore still interested as a tenant in common, and his testimony should have been excluded.

IV. The Court erred in admitting the testimony of Harkness, a witness called by the plaintiff after defendants had rested, of payment by Clyne to Shear of rent, against defendants' objections that the testimony was not rebutting. The plaintiff should not have been permitted, in reply to the defendants' case, to adduce testimony, which he might have adduced in the first instance. (2 Phil. Ev. 4 Am. Ed. 912; *Brown* v. *Murray,* Ry. & Moody, 254; *Gilpin* v. *Consequa,* 3 Wash. C. C. 188, 189.)

In the last case the Court say: " In your opening you examined witness on this subject, and as nothing new on that subject has been given in evidence, it would be improper for the plaintiffs again to examine witnesses respecting it."

V. The Court erred in giving improper instructions and in refusing to give proper ones asked by defendants.

*B. S. Brooks,* Respondent, *in pro. per.*

I. The deposition of Welch was properly admitted. Under the stipulation it was not competent for the defendants' counsel to object to the " deposition being used in evidence." The saving of exceptions and objections only goes to objections to the testimony given, for incompetency or irrelevancy, but does not save a preliminary

objection to the witness himself.   It was so decided in *Stebbins* v. *Sutter*, (2 Stew. 149.)

Objections to the competency of a witness must be taken at the time the deposition is taken, if known at that time ; and if the party proceeds with the cross-examination of the witness (except *de bene esse*) after he knows of his interest he thereby waives the objection. A single step is sufficient. (*Morehouse* v. *De Passen*, Coop. C. C. 300 ; 19 Vesey, 433 ; *Hamond* v. *Courtald*, 1 Russ. & Myl. 429 ; *Fellingham* v. *Sparrow*, 9 Dowl. P. C. 114 ; 4 Jur. 1036 ; *Lunnings* v. *Row*, 10 Ad. & E. 606 ; 2 Per. & D. 538 ; 3 Mo. 604 ; *Sheridan* v. *Medara*, 2 Stockt. 469 ; *Drake* v. *Foster*, 28 Ala. 649 ; *Crosby* v. *Floyd*, 2 Baily, 133 ; *Henry* v. *Morgan*, 2 Binn. 497 ; *Hayes* v. *White Pigeon Beet Sugar Co.*, 1 Doug. 193 ; *Lewis* v. *Moore*, 20 Conn. 211 ; *Choteau* v. *Thompson*, 3 Ohio, 424 ; *Hair* v. *Little*, 28 Ala. 236 ; *Kimball* v. *Gearhart*, 12 Cal. 46 ; 1 Phil. on Ev. 154, and note 5.)

The precise question seems to have been determined in this Court in the case of *Jones* v. *Love* (9 Cal. 71), where the Court say : " No objection was taken to the testimony of the witness upon his examination or cross-examination on this ground, and no objection appeared on the face of the deposition.   The fact of interest there appeared, but no statement that the defendants would object to his testimony on the trial for that cause.   It was too late to make the objection upon the trial after defendants had appeared and cross-examined the witness.   Such an objection must be taken at the earliest moment."

II.   There was no error in refusing to strike out the testimony of the plaintiff's witness, William Shear, on the ground that he was interested in the premises.

If, as counsel say, the interest of the witness appeared by the production of the partition deed, he should have objected then. But his examination was continued ; and it was not until the defendant had finished his cross-examination that he moved to strike out the testimony.   It was too late.   If the objection of his interest was founded upon the partition deed, it should have been made when that deed was introduced.   (See authorities cited on first point.)

III.   The admission of Harkness to testify in rebuttal was right,

but whether right or wrong it was a matter of discretion with the lower Court and not reviewable on appeal. (*Cutburk* v. *Gilbert*, 4 S. & R. 551; *Jackson* v. *Tallmage*, 4 Conn. 450; *Hutchings* v. *Childrens*, 4 Stew. & Port. 34; *Myer* v. *Ludwig*, 1 Penn. 47; *Smith* v. *Britton*, 4 Humph. 201; *Prather* v. *Taylor*, 1 B. Mon. 244; *Vicaro* v. *Commonwealth*, 5 Dana, 504; *Commonwealth* v. *Richetston*, 5 Met. 412; *Taylor* v. *Shemwell*, 4 B. Mon. 575; *Ford* v. *Niles*, 1 Hill, 300; *Phila. R. R.* v. *Stevison*, 14 Pet. 448; *Burnham* v. *Howe*, 10 Shep. 489; *Young* v. *Bennett*, 4 Scam. 43; *Slate* v *Silver*, 3 Dev. 382; *Towns* v. *Riddle*, 2 Ala. 694; *Faut* v. *Cathcart*, 8 Id. 725; *Borland* v. *Mayhew*, Id. 104; *Joy* v. *Phifer*, 13 Id. 821; *Walker* v. *Walker*, 14 Geo. 240; *Duane* v. *Treat*, 35 Me. 198; *Pierce* v. *Wood*, 3 Foster, 519; *Henry* v. *Lowell*, 16 Barb. 268; *McCoy* v. *Phillips*, 4 Rich. 463; *Gilbert* v. *Gilbert*, 22 Ala. 501; *Edgar* v. *McArn*, Id. 796; *Outlaw* v. *Hurdle*, 1 Jones' Law, 150; *Morse* v. *Holland*, 36 Me. 14; *Robinson* v. *Fitzburg and M. R. R. Co.*, 7 Gray, 92; *Martin* v. *Maguire*, Id. 777; *Bergen* v. *White*, 2 Bosw. 92; *Mattier* v. *Colbert*, 24 Geo. 384; *Mowry* v. *Starbuck*, 4 Cal. 275; *Priest* v. *Union Canal Co.*, 6 Id. 171; *Gordon* v. *Searing*, 8 Id. 50; *Touchard* v. *Cal. Stage Co.*, 13 Id. 605; *Lisman* v. *Early*, 15 Id. 199.)

IV. In ordinary cases, notwithstanding a misdirection, if the Court see that justice has been done, and that a new trial ought to produce the same result, a new trial will not be granted. (1 Graham & W. on New Trials, 301.) We think it would be going too far in a case where legal and equitable justice appears to be done by the verdict, to grant a new trial for an error which did not probably, although it might possibly, have operated upon the minds of some of the jury. (*Train* v. *Collins*, 2 Pick. 145.) The Court never grants a new trial when they see clearly the merits have been fully and fairly tried. (*Samson* v. *Appleyard*, 3 Wilson, 272.) Though the Judge may have made some little slip in his directions to the jury, yet if justice be done by the verdict the Court ought not to interfere and set it aside. (*Eastwick* v. *Caillaud*, 5 Term, 420; 1 Graham & W. on New Trials, 271, 301, 322, 323, 341–344; 3 Id. 817; *Johnson* v. *Blackman*, 11 Conn. 342; *Woodbeck* v. *Kel-*

Brooks *v.* Crosby.

*ler*, 6 Cow. 118 ; *Dale* v. *Arnold*, 2 Bibb, 605 ; *Train* v. *Collins*, 2 Pick. 145 ; *Brazier* v. *Clapp*, 5 Mass. 1 ; *Jones* v. *Fales*, Id. 101 ; *Newhall* v. *Hopkins*, 6 Id. 350 ; *Rennington* v. *Congdon*, 2 Pick. 310 ; *Leigh* v. *Hodges*, 3 Scam. 15 ; *King* v. *Hill*, 2 Tayl. 211 ; *Gillett* v. *Swett*, 1 Gilman, 475 ; *Harris* v. *Doe*, 4 Black. 269 ; *Morton* v. *Lunson*, 1 B. Moore, 45 ; *Bonlan* v. *People*, 1 Brev. 109 ; *Ingraham* v. *S. C. Ins. Co.*, 3 Id. 522 ; *Graham* v. *Bradley*, 5 Humph. 476 ; *Wylie* v. *King*, Geo. Dec. part 2, 7 ; *Princeton and Kingston T. Co.* v. *Gulick*, 1 Har. 161 ; *Emanuel* v. *Cocke*, 6 Dana, 212 ; *Thomas* v. *Tanner*, 6 Min. 62 ; *Howard* v. *Miner*, 7 Shep. 325 ; *Trench* v. *Stanley*, 8 Id. 512 ; *Freeman* v. *Rankin*, Id. 446 ; *Reynolds* v. *Magness*, 2 Ired. 26 ; *Jewell* v. *Lincoln*, 2 Shep. 116 ; *Price* v. *Evans*, 4 B. Mon. 386 ; *Ratcliff* v. *Huntley*, 5 Ired. 545 ; *Mansfield* v. *Wheeler*, 23 Wen. 79 ; *Potter* v. *Hopkins*, 25 Id. 417 ; *Selleck* v. *Turnp. Co.*, 13 Conn. 453 ; *Camden T. Co.* v. *Belknap*, 21 Wen. 354 ; *Gelin* v. *Stevens*, 7 N. H. 352 ; *Branch* v. *Doane*, 17 Conn. 402 ; *Randall* v. *Baramore*, 1 Branch, 409 ; *Greenup* v. *Stokes*, 3 Gilman, 202.)

Cope, C. J. delivered the opinion of the Court—Norton, J. concurring.

This is an action to recover of the defendants the possession of twenty acres of land in the City and County of San Francisco. The complaint alleges that on a certain day the plaintiff was seized and possessed of the land in question, and that the defendants entered and ousted him. The answer denies the allegations of the complaint, and sets up the Statute of Limitations.

On the trial the plaintiff relied upon the prior possession of one Foley, and others, under whom he claims. The case was tried by a jury and the plaintiff obtained a verdict, and we are asked to review the evidence, which is claimed to have been insufficient to justify the action of the jury. On this point it is only necessary to say that the evidence is of such a character as to preclude interference on our part; it is voluminous and conflicting, and we cannot undertake to say that the jury arrived at an erroneous conclusion.

The objection to the deposition of Welch is untenable. The deposition was taken in another case, and there was a stipulation that it should be used on the trial " with the same force and effect, and subject to the same exceptions and objections in all respects as if taken in this case." When the deposition was offered it was objected that the witness was incompetent from interest, but we regard the stipulation as a waiver of this objection. The effect of the stipulation was to place the deposition upon the same footing as if it had been taken in the present case, and it is a settled rule that a party who appears at the taking of a deposition, and examines the witness without objecting to his competency, cannot afterwards interpose the objection. We understand the stipulation as reserving only such " exceptions and objections " as could properly be taken when the deposition should be offered in evidence.

There is nothing in the point that the Court erred in refusing to strike out the testimony of the witness Shear. His interest, if he had any, appeared during his direct examination, and the motion to strike out was not made until the defendants had cross-examined him. Of course, it was made too late, as the defendants could not, knowing the interest of the witness, take their chances of a cross-examination, and subsequently avail themselves of the objection to get rid of the evidence.

The point as to the testimony of Harkness only goes to the exercise of a discretionary power by the Court, and is not a matter for revision on appeal.

The only additional points relate to the action of the Court in giving and refusing instructions. We are of opinion that the case was fairly submitted to the jury, and that the record discloses no error for which the judgment should be reversed. It is possible that instructions were refused which could properly have been given, and that some of those given are subject to verbal criticism. On the whole, however, we think there is no substantial ground of objection, as the question for the jury was a very simple one, and depended entirely upon the weight of evidence.

The judgment is affirmed.

On rehearing COPE, C. J. delivered the following opinion—NORTON, J. concurring :

The petition for a rehearing in this case is denied.    Welch testified in regard to his interest when his deposition was taken.    He stated that he had formerly owned a portion of the property, but had sold it.    He so stated both on his direct and cross-examination. The fact that certain deeds were afterwards given in evidence, showing his previous ownership, was not sufficient to exclude the deposition.

The point in regard to the testimony of Shear is not well taken. The petition is denied.