[No. 2,839.]

## JAMES L. KING *v.* THOMAS HANEY, JOHN O'BRIEN, AND ANDREW A. LOUDERBACK.

WAIVER OF OBJECTION TO TESTIMONY.—If one party offer himself as a witness, and the other object because the objector is the representative of a deceased person, and the Court decides to take the evidence with leave to the other party to move to strike it out, the motion to strike out must be made when the direct examination is closed. By cross-examining the wit. ness generally, the other party waives the motion to strike out.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The action was ejectment, in which the plaintiff had judgment. A new trial was granted on the application of the defendants, and the plaintiff appealed from the order.

The other facts are stated in the opinion.

*Crane & Boyd, McCullough & Boyd,* and *E. A. Laurence,* for Appellant.

By waiting to make the motion to strike out King's testimony until after all the evidence was in, the defendants waived their right to have the testimony excluded. (*Turner* v. *Tuolumne Water Co.,* 25 Cal. 397; *Sharp* v. *Lumley,* 34 Cal. 611; *Ward* v. *Whitney,* 3 Sand. 399; *Onondaga Ins. Co.* v. *Minard,* 2 N. Y. 98; *Rees* v. *Livingston,* 41 Penn. St. 113; *Hall* v. *Earnest,* 36 Barb. 585; *Laurent* v. *Vaughn,* 30 Vt. 90; 1 Greenl. Ev., Sec. 421; *Moorhouse* v. *De Passou,* 19 Vesey, Jr., 432; *Harrison* v. *Courtauld,* 1 Russell & Mylne, 428.)

*William M. Pierson* and *William H. Patterson,* for Respondents.

.By the Court, BELCHER, J.:

The defendant Louderback claimed title to the premises in controversy, through a deed made to him by one Judson Baldwin, who, it was admitted, died July 19th, 1863.

Upon the trial, the plaintiff King was called as a witness in his own behalf, and, having stated that he first became interested in the property in December, 1857, was asked whom he found on the property in possession at that time, if any one. Counsel for defendants then "objected to any testimony from Mr. King as to any transactions that occurred previous to 1863, on the ground that the defendant Louderback is the representative of a deceased person, one Judson Baldwin, who died in 1863, which fact he offered to prove, he being the person from whom defendants claim."

The Court replied: "We will take the evidence now and the defendant may move to strike it out." No exception was taken to this ruling, and the witness then testified, without further objection, to transactions occurring both before and after 1863. At the close of his examination-in-chief no motion was made to strike out any portion of his testimony, but counsel proceeded to cross-examine the witness at length. When the testimony was all in on both sides, and the trial, which was protracted, was about to be concluded, counsel for defendants moved the Court "to strike out all the evidence of plaintiff King, as to facts that transpired previous to the 19th of July, 1863," and the motion was denied. Judgment having then passed in favor of the plaintiff, the Court below granted a new trial, upon the ground "that an error in law was committed at the trial by admitting James L. King, the plaintiff, while testifying as a witness in his own behalf in said case, to testify to the declarations and admissions of Judson Baldwin, deceased, in

opposition to the objection and exception of defendant's counsel, said testimony being of facts occurring prior to the decease of said Judson Baldwin, and the defendant being a representative of said Judson."

The correctness of this order is called in question by the appeal.

It was held in *Davis* v. *Davis*, 26 Cal. 23, that one of the parties in an action to recover the possession of land cannot make himself a witness in his own behalf on the trial of the action for the purpose of defeating the title of the adverse party to the land in dispute, if the adverse party is the grantee of a person no longer living, and the facts he offers himself to prove transpired before the death of his grantor.

Under this ruling King was an incompetent witness to testify to facts transpiring before the death of Baldwin, though the facts themselves were competent and relevant testimony. His disqualification was not unlike the disqualification of an interested witness under the old rules; but under those rules it was necessary to make the objection to the competency of the witness as soon as an opportunity to do so was presented. If the interest of the witness appeared during his examination-in-chief, it was too late to take the objection after going into a cross-examination upon other matters. One had the election to admit an interested person to testify against him or not, and failing to take the objection at the proper time, he was presumed to have waived it forever. (1 Greenleaf on Ev., Sec. 421.)

In *Brooks* v. *Crosby*, 22 Cal. 42, a witness was called by the plaintiff, and during his examination-in-chief it appeared that he was interested in the action, but the defendants cross-examined him at length on other matters, and then moved to strike out his evidence on the ground of his interest. This motion was denied, and when the case was brought here it was said: "There is nothing in the point that the Court erred in refusing to strike out the testimony

of the witness Shear.   His interest, if he had any, appeared during his direct examination, and the motion to strike out was not made until the defendants had cross-examined him. Of course, it was made too late, as the defendants could not, knowing the interest of the witness, take their chances of a cross-examination, and subsequently avail themselves of the objection to get rid of the evidence."

In Minnesota there is a statute under which a party to a contract is not permitted to testify when the other party is dead.   But in *Levering* v. *Langley*, 8 Min. 107, the Supreme Court of that State said: "The defendant, Langley, was called, and, under an objection from the plaintiff's counsel, that the testimony was incompetent, irrelevant, and immaterial, which was overruled, testified substantially to such an agreement between the parties at the time of the execution of the assignment of the lease.   After this evidence had been thus elicited, the counsel for the plaintiff interposed the further objection to evidence of this agreement that Randall was now dead.   The referee overruled the objection as having been made too late.   In this decision, we think, he was clearly right.   The plaintiff's counsel could waive his right to object to the evidence of his adversary, on the ground of the decease of the plaintiff's assignor, and we think he did so by delaying to assert it until after the witness had been allowed to testify, and more particularly so as he made objections specifically upon other grounds, which were directed to the admissibility of the testimony offered, and not to the competency of the witness by whom it was sought to be proved."

We think the motion to strike out in this case was made too late.   It should have been made as soon as the direct examination was closed.   By cross-examining the witness generally the defendants waived the objection, and the Court properly overruled their motion.

There is nothing in the other specifications on which the

motion for new trial was made. ·It results that the order granting a new trial must be reversed, .and it is so ordered. Remittitur forthwith.