HAMLIN, Respondent, v. HIS CREDITORS, Appellants.

## No. 8874; August 16, 1883.

**Appeal—Former Judgment.**—An Appeal from a Final Judgment does not bring up the finality of a former judgment in the cause, the vacating of which might have been appealed from at the time but was not.

**Appeal—Amendments—Insolvents' Schedules.**—The rule that, except where there has been an abuse of discretion, the supreme court will not disturb an order of the court below granting or denying leave to amend in civil proceedings, applies to the petition and schedules of an insolvent.

APPEAL from Superior Court, Sutter County.

Bliss & Singer for respondent; Barney & Sanborn for appellants.

SHARPSTEIN, J.—Conceding that the refusal of the court to grant respondent a final discharge from his debts constituted a final judgment, and that it does not appear that there were sufficient grounds for vacating it, the order vacating it was simply erroneous, and reviewable only on appeal. But it was not appealed from, and has not been vacated. And until vacated or reversed it is final. It cannot be reviewed here except on a direct appeal from it. The judgment subsequently entered is appealed from, but that does not bring the order made after the former judgment up for review.

The only alleged errors which can be considered on this appeal are those based on the leave granted to respondent to amend his petition and schedules. But we think the well-settled rule that this court will not disturb an order granting or denying leave to amend pleadings and other proceedings in civil cases, except where there has been an abuse of discretion, applies to cases of insolvency: Bennett v. His Creditors, 22 Cal. 42; Wilson v. His Creditors, 32 Cal. 406. And we think with the learned judge below, "that upon principle and authority the pleadings and proceedings in insolvency may be amended when the court, in the exercise of a sound discretion, is of the opinion that such amendments should be

permitted, and when by granting such permission, the rights of creditors remain unaffected, and bona fides on the part of the insolvent is clearly shown."

Judgment affirmed.

I concur: Myrick, J.

THORNTON, J.— I find no error in the record, and therefore concur.