B. F. GOODRICH RUBBER CO. *v.* SEWELL CUSHION
WHEEL CO.

1. TRIAL—STRIKING OUT TESTIMONY—FAILURE TO OBJECT—CROSS-
EXAMINATION.

A motion to strike out testimony is too late where testi-
mony for defendant on direct examination is admitted
without objection by plaintiff's counsel and the witness is
fully cross-examined, re-examined by defendant, and again
cross-examined, and a motion to strike out the evidence
is not made until both parties have rested, as it is not per-
missible to experiment as to testimony and then have it
stricken out because disadvantageous.

2. EVIDENCE—EXPERT WITNESSES.

In an action by the seller to recover for the purchase price
of rubber cushions designed for automobile wheels, where
the rubber originally sent was not up to the requisite
standard and was returned to be recured, and it was de-
fendant's contention that the agreement was that the rub-
ber, when recured, should be up to the standard of rubber
previously sold by plaintiff to defendant, it was competent
to show that the recured rubber was not up to the standard
of rubber previously sold.

3. SAME—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

As the jury are the triers of fact, it is for them to determine
what weight and credit is to be given to the testimony of
a witness, where parts of it are inconsistent.

4. SALES—EVIDENCE—QUESTION FOR JURY.

A case for the jury was presented, in an action by the seller
to recover the purchase price of rubber cushions designed
for automobile wheels, where the rubber as originally re-
ceived was unsatisfactory and was returned for the pur-
pose of recuring it and it was plaintiff's contention that
the agreement under which the rubber was recured
amounted to a sale by sample, that it submitted a sample
of the recured rubber to defendant, and defendant ap-
proved it, that the rubber was recured and delivered to
the defendant, and that it corresponded with the sample,
and it was defendant's contention that the recured rub-
ber was to be as good as that previously sold to it, and

there was testimony tending to sustain both contentions, and there was also evidence tending to show that the sample of recured rubber was as good as that previously furnished, and that the recured rubber was not.

5. TRIAL—ARGUMENT OF COUNSEL—HARMLESS ERROR.

Argument of counsel is not the proper subject of complaint where the objection by the attorney for the adverse party is sustained, and the argument proceeds no further, and no instructions are asked by the attorney for the adverse party to disregard the argument.

Error to Wayne; Codd, J. Submitted April 13, 1917. (Docket No. 8.) Decided May 31, 1917.

Assumpsit by the B. F. Goodrich Rubber Company against the Sewell Cushion Wheel Company for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*Clark, Emmons, Bryant & Klein,* for appellant.

*Ralph S. Moore,* for appellee.

Plaintiff and its predecessors for a number of years manufactured and sold to defendant rubber cushions, used by it in a specially designed and patented automobile wheel, used principally on automobile trucks. The cushions are made of the best grade rubber that could be procured and are sold on a five-year guaranty. In October, 1913, defendant gave an order for some of these cushions, and during the following months shipments to the amount of 979 pounds were made. It is conceded that the rubber was undercured. Plaintiff was notified and sent its representative to Detroit. Defendant's president and general manager, Mr. Sewell, testified:

"I showed him some of the defective rubber. He asked for samples, or a piece of it, and wanted to take it back to the factory to show them the condition of it. They notified us that the rubber was undercured, and

that they could recure it and ship it back to us as good as new. We returned the whole bunch to them. There was in the neighborhood of 800 or 900 pounds. I did not see any other member or official of the plaintiff company until after they had submitted a sample of that same rubber which they claimed had been given more heat, or cure. I talked at that time with Mr. Noble and Mr. McPeek. I examined the sample we received very carefully, and as far as the sample was concerned we could find no defect from the good rubber we had received before. I talked with Mr. Noble and told him, if they could recure this rubber, and make it as good as his previous rubber, that we would accept it again. He assured me that they thought his company would do so."

After the rubber had been recured by plaintiff, it was returned to defendant. It is the claim of the defendant that upon examination the rubber was found to be very brittle on the outside, might be broken, and would not stand a stretch; that its tensile strength was only about two-thirds that of the rubber furnished by plaintiff before—in fact, it was not the kind of rubber it had been using, and defendant could not afford to take the chances of using it in its wheels which went to all parts of the country, with its guaranty of five years' service. Defendant refused to pay for the rubber and notified plaintiff that it was held subject to its order. Negotiations followed which were fruitless, and this suit was brought, resulting in a verdict and judgment for defendant, and plaintiff brings the case here for review.

FELLOWS, J. (*after stating the facts*). Three grounds are urged by plaintiff in its brief for a reversal of the judgment, viz.:

(1) That the court erred in refusing to strike out the testimony of the witness Robinson.

(2) That the court erred in refusing to direct a verdict for plaintiff.

(3) That there was prejudicial argument by defendant's counsel.

1. The defendant called as a witness F. W. Robinson, a chemist, who testified that he had analyzed and made tests of the rubber which had been recured by plaintiff, and compared it with rubber received from plaintiff about the same time, which had not been recured, and gave the results of such analysis and tests. His testimony was received without objection by plaintiff's counsel, who cross-examined him fully. At the close of the case, counsel moved to strike out the testimony of this witness. Error is assigned on the refusal of the court to grant this motion. The objection came too late. The plaintiff could not be permitted to lie by and experiment upon the testimony and ascertain what might come of it; for benefit or disadvantage, and if it turns out disadvantageous exclude it upon a motion to strike out. Not only was the testimony on direct examination admitted without objection, but counsel fully cross-examined the witness, defendant re-examined him, and plaintiff again cross-examined him, and not until after other witnesses had been called and examined and both sides had rested was the motion to strike out the testimony made. Under these circumstances, plaintiff had no right to the exclusion of the testimony. *McWilliams* v. *Railway Co.,* 146 Mich. 216 (109 N. W. 272); *Farmers', etc., Nat. Bank* v. *Greene,* 74 Fed. 439 (20 C. C. A. 500); *Dugger* v. *McKesson,* 100 N. C. 1 (6 S. E. 746); *King* v. *Haney,* 46 Cal. 560 (13 Am. Rep. 217); *East Tennessee, etc., R. Co.* v. *Turvaville,* 97 Ala. 122 (12 South. 63).

But we think the testimony of the witness Robinson was material to the issue. It was the claim of the defendant, as we shall presently see, that the rubber was taken to Akron to be recured, with the understanding and agreement that when recured it should be up to

the standard of rubber theretofore furnished to defendant by the plaintiff. There was testimony to sustain this claim, as we shall discuss under the next objection, and, such being the case, it was competent to show that the recured rubber was not up to the standard of the rubber before then sold by plaintiff to defendant.

2. It was the claim of the plaintiff that the arrangements under which the rubber was recured amounted to a sale by sample; that it submitted a sample of the recured rubber to defendant, and defendant approved the sample; that the rubber was recured and redelivered to defendant; and that it corresponded to the sample. Plaintiff's testimony sustained this theory. The defendant, however, did not admit that this was the arrangement, but, on the contrary, it insisted that it was agreed that the recured rubber was to be as good as that previously furnished. It is necessary to quote but one sentence from Mr. Sewell's testimony to show that defendant's claim was supported by proof. He said:

"I talked with Mr. Noble and told him if they could recure this rubber and make it as good as his previous rubber that we would accept it again."

There was other testimony coming from witnesses, and found in the correspondence, supporting this theory. There was also testimony tending to show that the sample of recured rubber was as good as that previously furnished, and that the recured rubber was not. We also find, in the testimony of defendant's production manager, the following testimony:

"*Q.* Did you find the recured rubber the same as the sample?

"*A.* No, sir."

While other portions of the testimony of this witness may be said to be inconsistent with this answer, the jury were the triers of the facts, and it was for

them to determine what weight and credit should be given this testimony. *Lonier* v. *Savings Bank*, 153 Mich. 253 (116 N. W. 1088). Clearly, a case was made for the jury.

3. During the argument of the case by defendant's counsel, objection was made to the line of argument he was pursuing, and the objection was promptly sustained, and the argument proceeded no further. We are not prepared to hold that the argument of defendant's counsel, at the time of the objection, was improper. It is not necessary for us to determine that question. Plaintiff's counsel was evidently satisfied with the course pursued and asked no instructions from the court to disregard the argument. *Samberg* v. *Knights of Maccabees*, 158 Mich. 568 (123 N. W. 25, 133 Am. St. Rep. 396).

The judgment is affirmed, with costs to defendant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.