[S. F. No. 9198.  In Bank.—April 25, 1921.]

In the Matter of the Estate of WILLIAM C. WEMPE, Deceased. GERHARD WEMPE, Guardian, etc., Respondent, v. JOSEPH H. OTTENS, Appellant.

[1] ESTATE OF DECEASED PERSON—CONTEST OF WILL—MOTION TO STRIKE OUT.—Where a party named in a will as executor files a renunciation of his right to letters testamentary in favor of another conditioned upon the latter being appointed administrator with the will annexed and files a petition for the probate of the will and the appointment of the other party, and the latter also files a petition stating that he does not know whether or not the decedent was of sound mind when the instrument offered for probate was executed, and prays that if it is admitted to probate he be appointed administrator with the will annexed, and thereafter, as guardian for the minor legatees, files a contest to the petition of the former for the probate of the will on the ground that the decedent was of unsound mind when the instrument was executed, the court properly denied the motion of the first party that the contest be stricken from the files on the ground that the other party had filed a petition for the probate and therefore appeared to be both asking for and contesting the probate of the instrument, since the fact was that he had not petitioned for the probate of the will at all, but had merely petitioned to be appointed administrator with the will annexed in case it was admitted to probate.

[2] ID.—ANSWER TO CONTEST—MOTION TO STRIKE OUT—LACK OF AUTHORITY OF ATTORNEY—WANT OF EVIDENCE—PRESUMPTION.—Where a motion is made on behalf of the proponent of a will to strike out an answer interposed on his behalf to the contest of the will on the ground that the answer was filed by an attorney not authorized to represent him, and the notice of motion specifies that it will be made upon oral evidence to be produced at the hearing, and the trial court denies the motion, and it does not appear in the record on appeal that any evidence of a want of authority on the part of the attorney assuming to act for the proponent in

filing the answer was produced, the appellate court cannot presume error and that want of authority did in fact appear.

[3] ID.—PLEADING.—Where at the hearing of such a motion the attorney then representing the proponent was informed that if he desired to file a different answer for the proponent he could do so, and the contest was set for trial at a future date upon his statement that such future date would allow him time to file such an answer, and where also the answer filed, whether filed by an authorized attorney or not, denied all the material allegations of the contest, and no claim is made that it was insufficient in any respect, the action of the trial court in refusing to strike out the answer was without prejudice to the proponent.

[4] ID.—STRIKING OUT SECOND PETITION FOR PROBATE—LACK OF PREJUDICE.—In such a case no error is shown on an appeal from an order denying the will admission to probate in the court's action in striking from the files the second petition of the party named in the will as executor for the probate of the will, where both petitions asked for the probate of the will and the only substantial difference between them was in respect to his appointment as executor, which difference did not affect the issues presented by the contest and the party was not prejudiced by the ruling complained of.

[5] ID.—TRIAL—NOTICE.—There was no error in proceeding with the trial of a will contest without according to a party the five days' notice of trial required by section 594 of the Code of Civil Procedure, where his attorney was present in court six days before the trial when the trial day was so fixed, agreed to the time fixed, and actually appeared at the time fixed; as he had five days' notice, he waived any right to notice by agreeing to the time fixed, and the code provision has application only when the court proceeds in the absence of the party.

[6] ID.—SUFFICIENCY OF RECORD.—The claim that what occurred on the occasion of the setting of the contest for trial does not properly appear in the record, since the reporter had no notes of what took place on that occasion and the occurrences were inserted in the reporter's transcript by the judge, from his recollection, is immaterial where the reporter's notes do show that the party was present in court by his attorney on the date when the contest was called for trial, as this alone was sufficient to justify the court's action in proceeding to trial.

[7] ID.—TRIAL.—Where the reporter's notes showed a colloquy at the time of the contest being called for trial, between court and counsel, wherein what had occurred on a previous date with relation to the setting of the contest for trial was stated by the court and not denied by the counsel, and the colloquy showed that it was upon the basis of the occurrences as so stated that the court took its action in proceeding with the trial, this was sufficient,

in the absence of any showing in the record that the statement of the trial court as to what had taken place was not true.

[8] ID.—APPEAL—PRESUMPTION.—The presumption on appeal is that the lower court pursued its authority regularly, and if it is claimed that it did not, as, for example, for want of due notice, the facts showing the irregularity must affirmatively appear.

[9] EVIDENCE — ADMISSION SUBJECT TO STRIKING OUT — FAILURE TO MOVE—WAIVER.—Where testimony is admitted only tentatively and subject to a motion to strike out to be argued later, if such motion is not made, the failure to make it under the circumstances is a waiver of the objection.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying admission of a will to probate. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Baer and Ervin S. Best for Appellant.

Drown, Leicester & Drown for Respondent.

OLNEY, J.—One William C. Wempe died March 30, 1919, leaving as his only heirs his two minor children. He also left an instrument purporting to be his will, whereby he left his estate in trust for his two children as beneficiaries, with contingent remainders over, and named one Ottens as executor. Ottens executed a written renunciation of his right to letters testamentary in favor of one Gerhard Wempe, conditional upon the latter being appointed administrator with the will annexed, and filed a petition, signed by himself, for the probate of the will and for the appointment of Wempe. Wempe also filed a petition stating that he did not know whether or not the decedent was of sound mind when the instrument offered for probate by the petition of Ottens was executed, and praying that if it were admitted to probate, he, Wempe, be appointed administrator with the will annexed. Thereafter, Wempe, as the guardian for the two minor children, filed a contest to the petition of Ottens for the probate of the will on the ground that the decedent was of unsound mind when the instrument was executed. Thereupon Ottens withdrew his renunciation and filed a second petition for the probate of the will by a different attorney. The next day the attorney by whom the first petition for

probate was filed on behalf of Ottens filed an answer on his behalf to the contest filed by Wempe. Ottens then gave notice to the last-mentioned attorney that he had acted without authority and gave notice of motion to strike from the files both the contest and the answer thereto. Wempe, on his part, moved to strike from the files Ottens' second petition for probate. These motions were heard on June 2d and 10th, submitted on the latter day for decision, and on June 11th the motion of Ottens was denied and that of Wempe granted. At the hearing of the motions the attorney by whom Ottens had filed his second petition for probate appeared as representing him in urging his motion and resisting that of Wempe, and the same attorney represented Ottens in all subsequent proceedings. At the hearing on June 10th, the court called attention to the fact that there was a contest and asked if it was agreeable to all parties to have it heard on June 16th. Ottens' attorney agreed to this date and it was fixed, although apparently there was no formal order of court made. On the 16th the contest was called for trial and Ottens' attorney appeared and objected to the trial proceeding because notice of motion to set for trial had not been given and there was no formal order setting it. There was no showing or claim made that Ottens or his attorney were taken by surprise or were not as prepared then as they ever would be to proceed with the trial. The sole point of the attorney was that the cause had not been properly set, although the date had been fixed upon his statement that it was agreeable to him, and although he was then actually present in court, so that the purpose of requiring notice had been served. The court somewhat indignantly—and quite justifiably so—overruled the objection and proceeded with the contest. The attorney then announced that he wished to retire from the courtroom, and upon the assurance by the court that he might do so with the full consent of everybody, he did retire.

It should also be said that on June 2d or 10th, the testimony of a number of witnesses, who could not appear subsequently, was taken by agreement for the purposes of the contest. Among these was a physician who had attended the deceased and who, over objection on behalf of the proponent, Ottens, testified as to what he had observed and the conclu-

sions he had reached in the course of his professional treatment of the decedent.

Upon the conclusion of the contest the court made its order denying the admission of the will to probate, and from this order Ottens appeals.

The alleged grounds of error are five. The first is that the court erred in denying the motion of Ottens that Wempe's contest be stricken from the files. The ground of the motion, so far as the contest was concerned, was that it was sham, and the reason assigned why it was sham was that Wempe had filed a petition for the probate of the will, so that he appeared both as asking for and contesting the probate of the instrument. [1] The answer to this is that Wempe had not petitioned for the probate of the will. All that he had done had been to petition to be appointed administrator with the will annexed in case the will was admitted to probate, and in his petition he states explicitly that he does not know whether the decedent was of sound mind when the purported will was executed, and does not ask for its probate.

[2] The second alleged error is the refusal of the court to strike out the answer to the contest filed on behalf of Ottens. This was asked for by Ottens on the ground that the attorney by whom it had been filed was not authorized to represent him. The notice of motion specified that the motion would be made upon oral evidence to be produced at the time of the hearing of the motion, and it does not appear that any evidence of a want of authority on the part of the attorney was produced. If there was not, the court was justified in denying the motion on the ground that the want of authority did not appear, and we cannot presume error, and that want of authority did in fact appear. But passing this, there is another and complete answer to the appellant's contention. [3] It is that at the hearing of the motion the appellant's attorney was informed that if he desired to file a different answer for the appellant he could do so, and the contest was set for trial on June 16th in view of the statement of the attorney that this would give him time to file such an answer. Furthermore, the answer filed, whether filed by an authorized attorney or not, denied all the material allegations of the contest, and no claim is made that it was insufficient in any respect. The situation, then, is both

that if the answer was insufficient in any respect the appellant had full opportunity to amend it or to substitute another for it, and also that no claim is made that it was insufficient or that the appellant has been prejudiced in any way in presenting his defense to the contest by the court's action in allowing the answer to stand. In other words, the appellant suffered no prejudice whatever and, in fact, no prejudice is claimed.

[4] The third alleged error is the action of the court in striking from the files Ottens' second petition for the probate of the will. The only reason asserted why this was error is that by the first petition Ottens renounced his right to act as executor and asked that Wempe be appointed ad ministrator with the will annexed, and that he had thereafter withdrawn his renunciation. It is claimed that because of these facts Ottens' second petition for probate, in which he withdrew his renunciation and asked for letters for himself, should have been permitted to stand. But this is an appeal from the order denying the will admission to probate, and unless the making of this order was affected by the action of the court in striking the appellant's second petition from the files, it is evident that the court's action was wholly inconsequential. Now, both of Ottens' petitions asked for the probate of the will, and the only substantial difference between them was in respect to the appointment of Ottens as executor. Such difference did not affect in the slightest the issues presented by the contest and could not affect the determination of the question as to whether or not the will should be admitted to probate, the question, and the only question, involved in the order appealed from. Indeed, it is not claimed that the determination of that question was affected by the action of the court in striking the second petition for probate from the files. In other words, it is evident that in this instance also the appellant was not prejudiced by the ruling complained of.

[5] The fourth alleged error is the action of the court in proceeding with the trial without according to appellant the five days' notice of trial required by section 594 of the Code of Civil Procedure. In view of what took place this closely approaches trifling. The appellant's attorney was present in court six days before the trial when the trial day was fixed, agreed to the time fixed, and actually appeared

at the time fixed.  He certainly had five days' notice in the
first place, in the second place he waived any right to notice
by agreeing to the time fixed, and in the third place the code
provision has application only when the court proceeds in
the absence of a party (*Sheldon* v. *Landwehr*, 159 Cal. 778,
[116 Pac. 44]).

[6] It is claimed that what occurred on June 10th does
not properly appear in the record, since the reporter's notes
(the record is brought up by the so-called alternative method)
did not show what took place on that date and the occur-
rences were inserted in the reporter's transcript by the
judge from his recollection.  But assuming that there was
no authority for the judge making such insertions in the
transcript, the reporter's notes did show that appellant was
present in court by his attorney on the 16th when the con-
test was called for trial.  This alone was enough to justify the
action of the court.  [7] But the reporter's notes also showed
a colloquy on the 16th between court and counsel wherein
what occurred on the 10th was stated by the court and not
denied by counsel, and showed that it was upon the basis
of the occurrences of the 10th as so stated that the court
took its action in proceeding with the trial.  This was suffi-
cient in the absence of any showing in the record that the
statement of the court as to what had taken place was not
true.  In addition to this, the order appealed from itself
recites the occurrences of the 10th, and these recitals must be
taken to be true in the absence of any showing to the con-
trary.  In fact, the situation would not be changed even if
the colloquy mentioned did not appear and the order had
contained no recitals.  [8] The presumption on appeal is
that the lower court pursued its authority regularly, and if
it is claimed that it did not, as, for example, for want of due
notice, the facts showing the irregularity must affirmatively
appear.  This has been settled law in this state for many
years.  In the present case even if the appellant's contention
as to the insertions by the judge in the reporter's transcript
be correct, a contention which is at least doubtful, there is
nothing to show affirmatively that the court had proceeded
irregularly with the trial of the contest.  For all that would
appear in the absence of the colloquy and the recitals, the
appellant might have expressly waived notice in open court,
as he in effect actually did.

[9] The fifth and last alleged error is the admission over objection of the testimony of the decedent's physician, previously mentioned. But whether the testimony was competent or not, the appellant's objection to it was waived. The testimony was admitted only tentatively and subject to a motion to strike out to be argued later. Such motion was not made. The failure to make it under the circumstances was a waiver of the objection. (*King* v. *Haney,* 46 Cal. 560, [13 Am. Rep. 217]; *Tarpey* v. *Veith,* 22 Cal. App. 289, 294, [Ann. Cas. 1912C, 711, 134 Pac. 367].) The other evidence, furthermore, is overwhelming to the effect that the decedent was of unsound mind when the purported will was executed, so that the admission of the testimony objected to could not have affected the result.

The foregoing are all of the errors relied upon as justifying this appeal. It must be evident that there is not a semblance of merit in any of them, and that the appeal was wholly without justification. Furthermore, not a single step taken on behalf of the appellant in the court below after the filing of the contest seems to have been directed to assisting the determination of the question as to the validity or invalidity of the instrument offered for probate, the only question on the merits which the cause presented. On the contrary, every step would seem to have been directed to complicating and delaying the determination of that question. We cannot avoid the conclusion that the appeal is of like character and that damages should be assessed against the appellant for a frivolous appeal whose only rational result could be delay. It is therefore ordered that the order appealed from be affirmed and that there be added to the costs assessable against the appellant the sum of one hundred dollars damages for an appeal taken for delay.

Shaw, J., Sloane, J., Wilbur, J., Lennon, J., Lawlor, J., and Angellotti C. J., concurred.

Rehearing denied.

All the Justices concurred, except Sloane, J., who voted for rehearing.