[Civ. No. 8124. First Appellate District, Division Two.—June 1, 1932.]

ALICE B. MATHIESON, Respondent, v. FRANCES W. WALLACE, as Executrix, etc., Appellant.

Joseph Edward Connolly for Appellant.

J. F. Resleure and Resleure & Hill for Respondent.

NOURSE, P. J.—Plaintiff sued upon a rejected claim for money had and received. The cause was tried without a jury and plaintiff had judgment from which defendant has appealed on typewritten transcripts.

Plaintiff's former husband, Captain Mathieson, died May 17, 1919. He was then a member in good standing of the San Francisco Bar Pilots Benevolent Association and had paid for such membership the sum of $3,500. On July 18, 1919, Captain Heally purchased Captain Mathieson's membership by paying to the association a like sum of $3,500. On July 20, 1919, Captain John W. Wallace, who was the secretary and general manager of the association, drew from the funds of the association the sum of $3,500 belonging to the widow of Captain Mathieson and deposited that sum to

his own account. From that date until the day of his death on July 20, 1929, Captain Wallace, by both oral and written word, fraudulently concealed this fact from plaintiff, assured her that the sum was held for her by the association, falsely informed her that it could not be paid because of litigation, urged her to trust implicitly in him for the earliest possible settlement, and, to further deceive her and keep her from approaching the association, he paid her regularly from December 15, 1919, to June 15, 1929, semi-annual interest at the rate of seven per cent a year.

The claim presented to the estate was in the simple form of one for money had and received. This was done upon the express stipulation of the parties to avoid the unpleasant publicity which might arise from open charges of fraud against the accused. Upon the rejection of the claim this action was instituted against the pilots association and the estate jointly, but was voluntarily dismissed as to the association.

Appellant raised four points which we may consider in order. (1) That the trial court erred in permitting the claimant to testify as to facts occurring prior to the death of Captain Wallace. We may assume for the purpose of this opinion that this was error, but it does not call for a reversal because, first, there is ample evidence to sustain all the findings independent of the evidence of this witness, and second, the evidence was admitted over objection but subject to a motion to strike out and such a motion was not made. For this reason this objection is deemed waived. (*Estate of Wempe,* 185 Cal. 557, 564 [197 Pac. 949].)

(2) That the evidence is insufficient to support the findings that on the eighteenth day of July, 1919, the association paid to Captain Wallace the sum of $3,500 for the use and benefit of plaintiff. There is unescapable evidence of this fact in the statements of the bank in which the money was deposited, in the statement of account rendered plaintiff by Captain Wallace soon after the death of Captian Mathieson, and in the letters of Captain.Wallace to plaintiff and the semi-annual payments of interest. The only evidence lacking is in the canceled checks of Captain Wallace which were destroyed under the direction of the administratrix of his estate after this claim was presented to her. Without resort to the testimony of plaintiff the evidence demonstrates that

Captain Wallace drew this money from the association and held it as the confidential agent of plaintiff and the only inference which could be drawn reasonably from the evidence is that represented in the findings of the trial court. The finding does not, therefore, rest upon conjecture or surmise. It rests upon reasonable inferences drawn from undisputed facts proved.

(3) That there is a variance between the claim presented to the estate and this action. As we have said, the claim was in the simplest possible form of money had and received. This form was adopted upon the express stipulation of counsel for the estate to save the family of the deceased from the publication of the deceased's dishonesty and this course was followed for the benefit of the estate and with its full knowledge and acquiescence. If there is any virtue in the doctrine of estoppel or if there is to be any verity in the promise of a member of the legal profession the point is not available to appellant in this proceeding. The claim was sufficient on its face. There was no uncertainty and no misunderstanding on the part of either claimant or administratrix. In the preparation of the complaint in this action many allegations were included to make out a case against the pilots association and, on first blush, these would appear to be inconsistent with a pleading on a common count for money had and received. But the cause of action against the estate is alleged to be based upon the claim which was filed. Probably a more exact pleading would have included the claim *in haec verba* or attached it to the complaint. But there was no demurrer to the complaint and the plaintiff was not asked in any manner to segregate her allegations made against the joint defendants. The failure to plead the full claim was cured by defendant's answer. Hence the cause went to trial on the two issues framed by the complaint and answer, as if by common consent—the receipt of the money by deceased for the use and benefit of the plaintiff, and the concealment by the deceased and his acknowledgment of the obligation as tolling the running of the statute of limitations. Hence, if there be any variance it was by consent of the parties and, if there be any defect in the complaint, it was not prejudicial because defendant tried the cause with full knowledge of the issues (*Etienne, Jr.,* v. *Kendall,* 202 Cal. 251 [259 Pac. 752].) It

is too plain for argument that this action is not based upon fraud but that it is based upon the claim for money had and received and that the allegations and proof of the fraudulent concealment by deceased were for the sole purpose of tolling the limitation statute. .

(4) That the claim is barred by various statutes of limitation and that the trial court erred in not finding on these special defenses. The claim was not barred, because, irrespective of any evidence of fraud and concealment, there were sufficient evidences in writing to toll the running of all statutes. (*Concannon* v. *Smith,* 134 Cal. 14, 20 [66 Pac. 40]; *Menifie* v. *Rowley,* 187 Cal. 481, 485, 486 [202 Pac. 673].) Thus there was no error in failing to find on all these defenses because, if findings had been made, they must have been adverse to appellant.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 1, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 28, 1932.