DOROTHY MALONEY

Plaintiff-Appellee

vs.

ROSE RUSSELL

Defendant-Appellant

Decided on July 2, 1974

John H. Yazzie, Flagstaff, Arizona, for Plaintiff-Appellee

Rose M. Wauneka, D.N.A., Window Rock, Arizona, for Defendant-Appellant

Before WILSON, Acting Chief Justice, BECENTI and LEUPP, Associate Justices

WILSON, Acting Chief Justice

This action was brought by the plaintiff, Dorothy Maloney, for the alleged alienation of affections of her husband, Okee Maloney, by the defendant Rose Russell. The Trial Court granted judgment in the amount of $5,000 for the plaintiff. This Court reverses that judgment on the grounds that the plaintiff has not pleaded or alleged sufficient facts to sustain such a judgment under the restrictive conditions this Court feels must be provided by such a plaintiff.

Actions to recover damages for alienation of affections and

criminal conversation (adultery) are generally looked upon with disfavor in modern courts for several reasons. Because of the remedies available to an injured spouse through divorce or separation proceedings whereby an adequate provision could be made for property settlement and division, alimony and child support, an adequate remedy is usually available to an injured spouse.

It has generally been the experience of those jurisdictions which allow such actions without severe restrictions that they have become a means for a form of blackmail, extortion or vindictive re-tribution rather than a means of providing for the just needs of the injured spouse. If there was any possible chance for a reconciliation before such a suit was brought, it is almost certainly destroyed by the mutual recriminations, accusations, denials and often threats which are brought out in all cases of this nature.

The families, relatives and friends of all parties involved, particularly the children involved, are split by the accusations and often asked or compelled to testify about the conduct of their parents, eroding any remnants of respect or family ties they may remain.

Even under the common law, such suits were often severely restricted by most courts. Today many states have passed legislation completely doing away with such actions.

This Court will limit most of these unfortunate, spiteful and unproductive suits in the same way that other courts have done, by

requiring the plaintiff to meet very strict standards of proof and allegations as was done by the Kansas Supreme Court, in <u>Curry v. Kline</u> 353 P.2nd 508

As mentioned in <u>Curry</u>, 353 P.2nd at 509, even under the common law if there was no affection remaining which could be alienated by a stranger, then there could be no cause of action for alienation of the spouse's affection (citing <u>Smith v. Rice</u> 163 N.W. 6).

This Court adopts the rule enumerated by <u>Curry</u>, 353 P.2nd at 510:

> "To enable a plaintiff to maintain an action of this nature it is necessary he allege and prove that the defendant was the active, controlling cause of the loss of the wife's love and affection and that the defendant exercised an improper, willful and malicious influence in derogation of the plaintiff's marital rights. The reason is obvious. Actions for alienation of affection have been subject to grave abuses and have been used as instruments for blackmail by unscrupulous persons for their unjust enrichment, due to the indefiniteness of the damages recoverable and the consequent fear of persons threatened with such actions that exorbitant damages might be assessed against them. The purpose for the rule is to stop the attempt by some to use the courts as a means to exact payment when the defendant's acts were not the real or controlling cause of the alienation. <u>Regardless of what has heretofore been said and held concerning this type of action, the hard practical realities of everyday life dictate that where a plaintiff has been the controlling cause of the alienation, or when the wife voluntarily joins with the stranger in creating the so-called 'eternal triangle' by bestrowing her love and affection upon him, a plaintiff may not shout in a petition that the stranger has alienated the affection of his wife and recover damages from him. Hence to state a cause of action it is essential that a plaintiff allege and prove he was not at fault in causing the wife's affections to stray, and that she did not voluntarily bestow her love and affection upon the stranger.</u>" (Emphasis supplied.)

Such a rule, of course, will make a suit for alienation of affection extremely difficult, if not impossible. Much unnecessary recrimination and speculative claims for damage will be avoided. The injured spouse will, however, still be able to receive a property settlement and judgment for alimony and child support where appropriate.

It is ORDERED that the judgment of the Trial Court be and is reversed.

BECENTI, Associate Justice, and LEUPP, Associate Justice, concur.