[L. A. No. 1359. In Bank.—March 25, 1904.]

## GRANVILLE MacGOWAN, Appellant, v. ZEPH JONES, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM—PARTIAL NON-RESIDENCE OF CREDITOR—NOTICE OF PUBLICATION—BAR OF STATUTE.—A creditor who was in the state at the time of the first two publications of notice to creditors, after which he left the state and returned more than one month before the time of presenting his claim had expired, and then received actual notice that the administrator, under the order of the court, had duly published notice to creditors, does not come within the remedial provision of section 1493 of the Code of Civil Procedure, allowing a claimant who had no notice, as provided in the chapter, by reason of being out of the state, to present his claim at any time before final distribution; and upon his failure to present his claim within the time otherwise limited, the claim is barred by the statute.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Dunn & Crutcher, for Appellant.

Puterbaugh & Puterbaugh, for Respondent.

HENSHAW, J.—This is an action brought by plaintiff upon a rejected claim against the estate of A. E. Maxey, deceased. The facts were stipulated. Under the stipulation, it appears that all the proceedings in the estate were regular; that notice to creditors to present their claims was duly published as required by law; plaintiff was in the state at the time of the first two publications of the notice in question, and did not leave the state until after the second publication; he returned to the state upon the sixteenth day of June, and upon the twelfth day of July following—more than one full month before the time for presenting the claim had expired—received actual notice that the administrator of the estate, under order of court, had published a notice to creditors of said estate. Plaintiff attended deceased as his physician during

his last illness and knew of his death. The value of his services is not in dispute.

Section 1493 of the Code of Civil Procedure provides that "All claims arising upon contracts . . . must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this chapter, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered." The sole question for determination is whether plaintiff comes within the proviso of the remedial clause of the code section above quoted. And herein it is to be observed that no attack is made upon the legality or the sufficiency of the notice as given. In all respects it complied with the law. The proceeding being *in rem,* and the statutory requirements of the notice having been fully complied with, it is binding upon all the world, excepting those who are entitled to relief under section 1493. Is plaintiff such a person? Appellant strongly insists that he is, and in argument declares that as the section says that a claimant who has had no notice *as provided in this chapter* is entitled to relief, and as appellant was out of the state during a part of the time of publication, as to him the statutory notice was incomplete and ineffective, because that statutory notice must be a publication of once a week for four successive weeks, while as to him, by reason of his absence, it was a publication of once a week for but two successive weeks. In this, however, we think there is a misconception of the meaning of the remedial provision under consideration. The words "as provided in this chapter" are used in reference to the substance of the notice, and not as to the manner of its publication. If, in truth, it has not been properly published, then it is void as to every claimant. But, in contemplation of the law, only those claimants who, by reason of their absence from the state, had no notice as provided in this chapter,—that is to say, had no notice of the time when the presentation of their claims would be barred,—are entitled to relief. Surely the statute was never designed to enable a man absent from the state but one day during the four weeks of publication, who after his return has received actual knowledge of the

fact of publication, with ample time in which to present his claim, to take advantage of its remedial provisions. It appears that this plaintiff had actual notice and knowledge more than one month before the time for the presentation of his claim was barred, yet he neglected so to present it. Constructive notice is at the best but a poor substitute for actual notice, and is permitted by the law only through necessity. The position of this particular plaintiff was thus vastly better than that of many another who has been within the state during the whole time of publication, and yet has had the misfortune never to have seen or heard of it.

Nor are we here confounding the actual notice and knowledge which plaintiff had with the constructive notice by publication which the law requires. It is recognized that there can be no substitute for the published notice, but the published notice was in this case legally and sufficiently made. Notice is of course merely the statutory instrumentality of knowledge, the formal process emanating from the source and served in the manner prescribed by the statute. (*In re Central Irrigation District,* 117 Cal. 382.) But this notice, we repeat, was given in this case, and the actual knowledge of plaintiff brought home to him this fact, so that the trial court was justified in saying that he had not by reason of his absence from the state failed to receive notice ''as provided in this chapter.''

The facts in *Cullerton* v. *Mead,* 22 Cal. 96, upon which plaintiff relies, were widely at variance from those here presented. In *Cullerton* v. *Mead* the plaintiff claimant was absent from the state at the time of the death of deceased, and during the whole period of publication of notice to creditors, and upon his return to the state, until after the time for presentation of claims had elapsed, still knew nothing of the death of the deceased nor of the publication of notice to creditors. With the utmost expedition, upon acquiring this knowledge, he presented his claim, which was rejected. As to him this court said: ''The fact that he returned to the state before the ten months expired can make no difference, for the law had extended the time for presenting his claim, he being absent from the state during the time of publication.'' In the Cullerton case, therefore, the plaintiff was not only absent from the state during the time of publication, but

-received no actual notice or knowledge of the fact that publication had been made until after the time for the presentation of the claims had expired,—a very different case from that where plaintiff, being the attendant physician, knew of the death of deceased, was present in the state during the first two publications, returned to the state, and had actual notice of the publication for more than one month prior to the expiration of the time for filing his claim, and still neglected to do so until long after that date.

The judgment appealed from is therefore affirmed.

McFarland, J., Angellotti, J., Van Dyke, J., and Beatty, C. J., concurred.