[Civ. No. 20682. First Dist., Div. One. May 29, 1963.]

LEE BIRD, Plaintiff and Respondent, v. KENNETH B. McGUIRE et al., Defendants and Appellants.

Worthington, Fields & Worthington, Leonard A. Worthington and David Norman Burns for Defendants and Appellants.

Frederick L. Hilger for Plaintiff and Respondent.

MOLINARI, J.—This is an action for personal injuries sustained by plaintiff logging driver when a log rolled off a truck during a loading operation. The jury verdict was in favor of plaintiff and against defendants, Hampton Plywood Company,[1] a corporation, the owner of timber rights on the tract of land on which the accident took place, Kenneth B. McGuire,[2] a logger engaged in the removal of felled logs from said land, Richard Cathey,[3] a tractor operator, and Lawrence Head,[4] a log loader. The judgment against Cathey and Head was pursuant to a directed verdict.[5] All the defendants were alleged to have been negligent in the loading of said log. Hampton and McGuire both moved for a new trial, which motions were denied, and they both appeal. Cathey and Head have not appealed.

A number of questions have been raised by appellants on this appeal. In view of our determination that the judgment against McGuire was erroneous because of failure to comply with section 594 of the Code of Civil Procedure and rule 8.12 of the Superior Court (now Cal. Rules of Court, rule 220(b)),[6]

---

[1]Hereinafter referred to as Hampton.

[2]Hereinafter referred to as McGuire.

[3]Hereinafter referred to as Cathey.

[4]Hereinafter referred to as Head.

[5]Cathey stipulated that a directed verdict could be entered against him on the issue of liability, leaving to the jury the amount of damages to be assessed. Head did not answer or appear in the proceedings and his default was duly entered.

[6]Code Civ. Proc., § 594, subd. 1, provides that ''either party may bring an issue to trial . . . in the absence of the adverse party . . . provided, however, if the issue to be tried is an issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days notice of such trial.''

Rule 8.12 provides: ''Setting for trial after pre-trial conference. . . .

thus requiring a remand of the cause for a retrial as to appellants, it is unnecessary to determine questions not related to the failure to give such notice. Our determination is compelled by the events associated with the proceedings prior to trial.[7]

### The Record

The complaint in this action was filed on September 16, 1958, the law firm of Hilger & Thomas appearing for plaintiff. On June 18, 1959, and August 5, 1959, answers to the complaint were filed by defendants McGuire and Cathey, respectively. In said answers Charles V. Moore, Esq., appeared as the attorney of record for the said defendants. On October 26, 1959, defendant Hampton filed its answer, wherein the law firm of Worthington, Fields & Worthington was designated as the attorneys of record for said defendant. Said answer recited that Hampton was the successor to Siskiyou Hardwood Company,[8] sued in the complaint as Siskiyou Plywood Company. Notice of the taking of the deposition of Cathey was thereafter given by said attorneys for plaintiff to the above named attorneys, respectively, for Hampton, McGuire and Cathey. On July 13, 1960, a request to enter the default of defendant Head was filed. The ''Memorandum to Set,'' filed on July 13, 1960, by plaintiff, and served on the attorneys therein named, listed several *new* attorneys as being attorneys for certain of the parties. These attorneys had not theretofore appeared either by way of substitution, change or notice of association, nor had they appeared on any of the pleadings.[9] In said memorandum, Charles V. Moore, was designated as the attorney for Cathey and McGuire.

---

(b) The clerk shall enter on the Civil Active List the time and place of the trial assigned to cases on that list. He shall give at least five (5) days' notice by mail of the time and place of trial in each case to all parties appearing therein, except where the time and place of the trial is fixed at the pre-trial conference.''

[7]As will be evident from the narrative of these events there were several instances where counsel acted in a manner oblivious of the statutory requirements and the usual amenities with respect to the appearance, substitution and association of attorneys.

[8]Hereinafter referred to as Siskiyou.

[9]Speer & Creasey were designated as attorneys for plaintiff in conjunction with Hilger & Thomas.

Hill & Dalton were designated as attorneys for defendant Siskiyou. (Siskiyou had not filed any pleadings except as it was designated in Hampton's answer.)

A. V. Prothero and Bronson, Bronson & McKinnon, were designated as attorneys for defendant State Compensation Fund. (This defendant has never appeared or filed any pleadings or appearances in this action.)

On October 31, 1960, Hilger & Thomas, as attorneys for plaintiff, noticed the taking of the deposition of defendant McGuire. This notice was served on attorneys Hill & Dalton, Charles V. Moore, and Worthington, Fields & Worthington. This deposition was ultimately taken on January 11, 1961, at which time the law firm of Woodman, Leddy & Sautter, represented by Edward Sautter, appeared therein as the attorneys for McGuire. No written notice of change or substitution of this law firm for Attorney Moore was filed, entered, or made as required by section 284 of the Code of Civil Procedure,[10] nor was notice thereof given as required by section 285 of said code.[11]

Notice of the pretrial conference, set for June 1, 1961 was thereafter given by the clerk of the court by mail on May 5, 1961, to all of the attorneys who were named in the memorandum to set, *excepting Attorney Moore*. No such notice was given to the Woodman, Leddy & Sautter firm. Pretrial statements were filed only by Hilger & Thomas, as attorneys for plaintiff, and by Worthington, Fields & Worthington, as attorneys for Hampton. The pretrial conference order was made on June 15, 1961, and filed on June 26, 1961. The said order recites that the pretrial conference was held on June 1, 1961; that Hilger & Thomas and Speer & Creasey appeared as counsel for plaintiff and that the following counsel appeared "for defendant—:" Hill & Dalton, Worthington, Fields & Worthington, A. V. Prothero, and Bronson, Bronson & McKinnon. The order does not indicate that either Attorney Moore or any of the members or representatives of the Woodman, Leddy & Sautter firm were present. Said order states that "The matter is set for trial August 15, 1961, 9:30 A.M., Department One." The order does not contain a waiver of notice of time and place of trial.

The record discloses that on July 14, 1961, there was filed in the proceedings a document entitled "Notice of Hearing," which reads as follows: "Trial by jury re-set for August 16,

[10]Code Civ. Proc., § 284, provides: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other. . . ."

[11]Code Civ. Proc., § 285, provides: "When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney."

1961 Dept. 1 at 1:30 P.M. This notice was mailed on July 14, 1961 addressed as below:[12] Fred J. Moore, Jr., County Clerk By D. H. Martell, Deputy Clerk."

On July 24, 1961, the law firm of Woodman, Leddy & Sautter filed a notice of motion for an order allowing them to withdraw as attorneys for McGuire and to substitute McGuire, in propria persona, in their place and stead. Said motion was supported by the affidavit of Edward P. Sautter, stating that the said law firm "has represented the Defendant Kenneth B. McGuire, individually and doing business as McGuire Logging Company, during certain aspects of the above entitled action and now finds it desirous of withdrawing as attorney for said Defendant Kenneth B. McGuire. . . ." Said notice specified that the motion would be made on August 7, 1961. Attached to said notice and affidavit was an affidavit of mailing showing service by mail on July 20, 1961, upon Hilger & Thomas, Speer & Creasey, Charles V. Moore, Worthington, Fields & Worthington, Hill & Dalton, Bronson, Bronson & McKinnon, A. V. Prothero, and upon McGuire. An affidavit subscribed and sworn to on August 4, 1961, by one John W. Francis, purporting to be a member of the Sheriff's Office of Teton County, State of Wyoming (filed on August 15, 1961), states that he personally served McGuire with the "Notice of Motion For Withdrawal of Attorneys" and the affidavit of Edward P. Sautter on July 25, 1961.

On July 27, 1961, attorney Charles V. Moore, filed a notice of motion to be relieved "as attorney of record" in said matter. Said notice likewise specified that the motion would be made on August 7, 1961. Said notice was supported by the affidavit of said Charles V. Moore. The said affidavit stated that Moore had originally filed the answer in said action and became attorney of record for McGuire; that he (Moore) thereafter became associated with the law firm of Hill & Dalton and a conflict of interest arose;[13] that McGuire was informed of said conflict and that McGuire thereupon procured the services of the law firm of Woodman, Leddy & Sautter; that the latter firm appeared for McGuire at the

[12]The following names (with respective addresses under each) are then listed: Hilger & Thomas; Speer & Creasey; Hill & Dalton; Worthington, Fields & Worthington; A. V. Prothero; Bronson, Bronson & McKinnon.

[13]It should be here noted that Attorney Moore felt that there was a conflict of interest because he was then an associate of Hill & Dalton, who were attorneys for Hampton, but did not feel that there was any such conflict as to Cathey, McGuire's employee, whom Moore continued to represent.

pretrial conference; and that through inadvertence a formal substitution of attorneys was never executed. Attached to said motion and affidavit was an affidavit of service by mail on July 27, 1961, upon McGuire at an address in California and at Jackson Hole, Wyoming, and upon the following attorneys: Hilger & Thomas, Hill & Dalton, Woodman, Leddy & Sautter, and Worthington, Fields & Worthington.

On August 7, 1961, the trial court heard both motions for withdrawal of attorneys and making its order relieving Attorney Moore as attorney of record for McGuire on the same day; and on August 11, 1961, made its order allowing Edward P. Sautter and the law firm of Woodman, Leddy & Sautter to withdraw as attorneys for McGuire, and directing that McGuire "be represented as of record in pro per. . . ." No notice of such order was given by Attorney Moore to McGuire or to any of the other parties to the litigation or their attorneys. The Woodman firm gave a "Notice of Substitution of Attorneys by Order of Court" by mail on August 11, 1961, to McGuire and to the attorneys to whom it had given notice of motion for withdrawal. Thereafter, and on the 14th and 15th of August 1961, telegrams were sent by McGuire from Jackson, Wyoming, to Honorable William G. Watson, Jr.,[14] requesting a continuance of the trial.[15]

The cause came on for trial on August 16, 1961, at 1:30 p.m. The minutes of the court for said day disclose that the follow-

[14]Judge Watson was the trial judge designated to preside over the trial. He was also the judge who made the pretrial conference order and who granted the said orders permitting counsel to withdraw as attorneys.

[15]Said telegrams were respectively worded as follows:

"1961 Aug 14

"Respectfully request a continuance of trial in *Bird* v. *McGuire* until after Sept 25. I had no knowledge of trial date until Aug 10 and no notice of withdrawal of counsel until early last week. Have been working all summer away from home in U S Forest in Wyoming, and have been out of communication most of time. Am operating a logging business and employee six men removing timber. I am only qualified cat and loader operator and my presence is necessary to my contract since I cannot be replaced and timber must be removed before snow fall or default my contract. At this time cannot obtain counsel before trial and no preparation has been made for my defense. Intend to defend my case if given opportunity. Will need time to get new counsel and prepare for trial. Affidavit will follow today.

Kenneth McGuire"

"1961 Aug 15

"In *Bird vs McGuire* affidavit will show no personal service of motion of July 20th but service left at house in absence by frequently intoxicated and incompetent public official first notice received about Aug 4 by sheriff but very first notice of trial date received only August 10. Did not receive letter from counsel before July 7 which gave no notice of trial date and no mention of withdrawal did not answer because unable to

ing counsel were present: Frederick W. Hilger, representing plaintiff; Leonard Worthington of Worthington, Fields & Worthington, and John Dalton of Hill & Dalton, representing Hampton. The minutes do not disclose the presence of Attorney Moore, but the reporter's transcript reveals that the trial court noted his presence as attorney for defendant Cathey. The said minutes bear the following notation: "Defendant McGuire was not present and was not represented by counsel." The said minutes and reporter's transcript also reveal that a discussion took place between the court and counsel present prior to the commencement of the trial with reference to McGuire's request for a continuance. During said discussion Judge Watson made known the contents of the two telegrams he had received from McGuire, and also informed counsel that he had been contacted by a Mr. Burns, who represented that he was an attorney in Jackson, Wyoming, and that he was calling for McGuire. Counsel for plaintiff and for defendant Hampton both objected to a continuance, whereupon the court ruled that since no formal motion for continuance was before the court the motion for a continuance would be denied and the trial would proceed. Excepting for the reference by plaintiff's counsel that McGuire "admits in the telegram that he got notice" on August 10th, nothing was said as to whether McGuire or his attorneys had received any notice of the time and place of trial. The said discussion also discloses that the trial court expressed concern as to the propriety of its order permitting the withdrawal of the Woodman firm.[16] Judge Watson, while taking the position that the

---

raise requested fee. Did not agree to withdrawal of counsel. In any case, twenty days inadequate to get counsel and prepare for trial from Wyoming. Respectfully request continuance.

Kenneth B. McGuire"

[16]The Court: "The Court on August the 11th, as Mr. Hilger has stated, did sign an order that permitted a withdrawal of counsel Woodman, Leddy and Sautter for defendant and one for Mr. Moore. The affidavit filed by Mr. Moore represented, and I have no reason to doubt that he was actually relieved some time ago, and no substitution was filed, so Woodman, Leddy and Sautter have continued formally to represent Mr. McGuire.

"The affidavit filed by Woodman, Leddy and Sautter in its present form, had it been contested by Mr. McGuire, would, in the opinion of the Court, have been insufficient to permit their withdrawal."

The Court: "I feel that I have made an error in granting that motion. I should never have relieved counsel under the inadequate showing, although I assume that their representation that the service had been made, and I probably should have insisted on seeing the letters they indicated they had written him. They had not supplied the Court with the letters and I don't know what they said."

telegrams did not constitute a formal appearance, also expressed the opinion that if McGuire could substantiate certain of the matters contained in the telegrams it might be error to proceed with the trial.[17]

The cause thereupon proceeded to trial before a jury during the course of which McGuire's deposition was read to the jury. At the conclusion of the trial the jury was instructed, among other things, that Hampton was sued on the theory that it was a principal and that McGuire was its agent or employee, and that a question had been raised as to whether McGuire was an agent or an independent contractor. In this connection the trial court proceeded to define the respective relationships. A jury verdict was returned in favor of plaintiff for $50,000 against McGuire, Hampton, Cathey and Head, and judgment was thereafter entered thereon.

The record also reveals that a paper entitled "Affidavit in Support of a Motion for a Continuance" was purportedly filed on August 15, 1961. This is apparently the affidavit referred to in McGuire's telegram of August 14th. A perusal of the said affidavit sworn to by McGuire indicates that it was notarized on August 18, 1961. A letter of transmittal[18] from Hufsmith & Burns, attorneys at law, Jackson, Wyoming, addressed to Judge Watson, referring to the affidavit indicated in McGuire's telegram and enclosing the same therewith, bears the date of August 18, 1961, the last day of the trial and the day on which the jury returned its verdict. These circumstances when coupled with the fact that no reference to this affidavit was made by the trial court in its discussion with counsel on the first day of the trial on August 16th or in the court's minutes of said day, would indicate that said affidavit was received subsequent to August 18th, and that the file stamp date of August 15th is in error. Accordingly, it is apparent that the contents of this affidavit were not considered by the court below when it denied the motion for continuance on August 16th. The said affidavit reiterates substantially the same matters contained in the telegrams, states that McGuire presently resides in Jackson, Wyoming, and

---

The Court: "They made a very poor affidavit. That is why I say I am somewhat ashamed of the fact that I granted the motion."

[17]The Court: "[A]nd that's about the content of the telegram, which means, in my opinion, if the defendant in question can substantiate the fact that this reported service was not made and that his attorneys gave him no more information than he says, if we proceed and a judgment is rendered against him, he would probably be entitled to either a new trial or upset it on appeal."

[18]This letter is part of the clerk's transcript on appeal.

contains the following statement: "6. That on August 10, 1961, deponent received notice of the order for withdrawal of counsel, together with the first notice of the impending trial of August 16th, 1961. Said notice was received by Certified Mail. Deponent had no notice of the trial date before August 10, 1961."

### Did McGuire Have Notice of Trial?

■ Section 594, subdivision 1, of the Code of Civil Procedure, which applies to superior and municipal courts, provides that a verdict upon an issue of fact may not be entered against a party, in his absence, unless he has had five days' notice of time and place of trial, and proof of service thereof is made. It is established law that compliance with this code section is mandatory (*Payer* v. *Mercury Boat Co.*, 195 Cal. App.2d 659, 660 [16 Cal.Rptr. 123]; *Gordon* v. *Gordon*, 145 Cal.App.2d 231, 233 [302 P.2d 355]; *Simon* v. *Tomasini*, 97 Cal.App.2d 115, 122-123 [217 P.2d 488]); and failure to give the required notice of time and place of trial is jurisdictional. (*Simon* v. *Tomasini, supra*, p. 123.)

■ Subdivision 1 of section 594 does not prescribe the kind of notice required. The term "notice" imports that the information given thereby comes from an authentic source and is directed to someone who is to act or refrain from acting in consequence of the information contained in the notice. (*Williams* v. *Bergin*, 108 Cal. 166, 171 [41 P. 287].) It means the statutory instrumentality of knowledge; the formal process emanating from the source, and served in the manner prescribed by the statute. (*In re Central Irrigation District*, 117 Cal. 382, 391 [49 P. 354]; *MacGowan* v. *Jones*, 142 Cal. 593, 595 [76 P. 503].) ■ Accordingly, "knowledge" is not synonymous or the equivalent of "notice." (*Williams* v. *Bergin, supra*; *Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582, 588-589 [63 P. 915].) ■ The distinction between notice and knowledge is well stated in *Merrill*: "Notice in one sense means the legal instrumentality by which knowledge is conveyed, or by which one is charged with knowledge. One having knowledge that he is a defendant in a suit is not bound to appear until there has been brought home to him the legal instrumentality of knowledge, a proper notice. But, upon the other hand, where the code speaks of actual and constructive notice, it means no more than that under the indicated circumstances a man is legally chargeable with knowledge." (P. 589.)

 While notice is generally imparted through the instrumentality of a writing, subdivision 1 of section 594 does not require that the notice be written. Accordingly, it may be oral. (See *City of San Diego* v. *Walton,* 80 Cal.App.2d 206, 212 [181 P.2d 424]; and *Payer* v. *Mercury Boat Co., supra,* 195 Cal.App.2d 659, 661.) In superior courts, however, the notice of trial required by section 594, subdivision 1, of the Code of Civil Procedure has been implemented by a court rule which requires that the clerk give at least five days' notice by mail of the time and place of trial in each case to all parties appearing therein, except where such time and place is fixed at a pretrial conference. (Cal. Rules of Court, rule 220(b); formerly rule 8.12(b) of the Rules for the Superior Courts.) Section 594 has application only when the court proceeds in the absence of a party. (*Sheldon* v. *Landwehr,* 159 Cal. 778, 782 [116 P. 44]; *Estate of Wempe,* 185 Cal. 557, 563 [197 P. 949].) The five-day requirement therein provided may, however, be shortened by waiver or consent of the parties. (*Taliaferro* v. *Taliaferro,* 179 Cal.App.2d 787, 793 [4 Cal.Rptr. 689]; *Cahill* v. *Verdier,* 54 Cal.App. 465, 468 [202 P. 154].) Thus, the requirement does not apply where both parties are present at the trial or are represented at the time the case is called for trial, or participate therein. (*Taliaferro* v. *Taliaferro, supra; Sheldon* v. *Landwehr, supra; Estate of Wempe, supra; Horstmyer* v. *Trial Board of Sacramento,* 21 Cal.App.2d 533, 538 [69 P.2d 1021].) Nor does it apply where the attorney for the party agrees to the time fixed by the court for the date of trial (*Estate of Wempe, supra*); or where the adverse party or his attorney has *actual* notice or knowledge for the required time that the case is in fact set for trial on a certain date. (*Canty* v. *Pierce & Anderson,* 173 Cal. 205, 208 [159 P. 582]; *Estate of Wempe, supra; Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 418 [230 P.2d 57]; *City of San Diego* v. *Walton, supra,* p. 212; *Etchepare* v. *Ehmke,* 137 Cal.App.2d 508, 510 [290 P.2d 374].)

While subdivision 1 of section 594 does not describe the kind of proof necessary to satisfy the court that the absent party has had five days' notice of trial (see *Olivia* v. *Suglio,* 139 Cal.App.2d 7, 8 [293 P.2d 63]), it has been held that proof by sworn testimony or by affidavit is necessary to meet the proof required by the code section. (See *Payer* v. *Mercury Boat Co., supra,* p. 661; and see *Hurley* v. *Lake County,* 113 Cal. App. 291, 295-296 [298 P. 123]; see also *Smith* v. *Halstead,*

88 Cal.App.2d 638, 641 [199 P.2d 379].) In *Payer* the reviewing court held that a statement by the secretary of the superior court that she had given the appellant's attorney telephoned notice of the trial date six days before fell short of the required proof. ■ Rule 8.12, however, calls for written notice because notice by mail obviously entails the physical act of depositing the notice in the mail facilities. (See Code Civ. Proc., §§ 1012, 1013, providing for service by mail.) Such notice, when timely given, would, of course, satisfy the requirements of section 594, subdivision 1. ■ It should be noted, however, that this requirement upon the clerk to give such notice by mail does not exist where the time and place of trial is fixed at the pretrial conference. This exception is based upon the rationale that attendance at a pretrial conference where the time and place of trial is fixed imparts actual notice of the trial date to counsel or the parties present. ■ Where a party is not present or is not represented by counsel at such conference the mandatory giving of the formal notice required by section 594, subdivision 1, must be complied with. ■ In our opinion this formality is satisfied by service of the pretrial conference order specifying such time and place of trial, provided that such service is made five days before the date fixed for trial.[19]

■ We should also point out here that the purpose of the notice is merely to protect parties against trials, judgments or dismissals in their excusable absence. (2 Witkin, Cal. Procedure, § 30, pp. 1757, 1758; *Sheldon* v. *Landwehr*, *supra*, 159 Cal. 778, 782; *Horstmyer* v. *Trial Board of Sacramento*, *supra*, 21 Cal.App.2d 533, 538.) In *Hurley* v. *Lake County*, *supra*, 113 Cal.App. 291, it was held that the notice of time and place of trial and the affidavit of the service of said notice filed among the papers of the cause are not papers of which a court takes judicial notice until they have been properly introduced in evidence. The court there stated: "[A]nd if they are sufficient in form and substance to prove the fact of notice being given, then and in that case the court is warranted in acting thereon, but not until such proof is made. The filing of an affidavit among the papers of a cause,

[19]In *Payer* v. *Mercury Boat Co.*, 195 Cal.App.2d 659, it was held that service of the pretrial conference order which fixed the time of trial did not impart actual notice of trial. In that case, however, the appellant was not present or represented at the pretrial conference and the pretrial conference order specifically provided that notice of time and place of trial was not waived. The reviewing court held that such proviso conveyed the understanding that the order was not a notice under section 594.

no more proves any fact in controversy than would the filing of a deposition which is not introduced in evidence be proof of the matters to which the witness has deposed."[20] (P. 296.) (See *Starkweather* v. *Minarets Min. Co.*, 5 Cal.App. 2d 501, 504 [43 P.2d 321].)

In the case at bench we do not have the proof required by section 594, subdivision 1. No notice of time and place of trial or any affidavit of the service thereof was introduced in evidence; nor was any testimonial evidence received with respect thereto. In fact the record discloses that the subject of such notice or its service was not mentioned at all. It is apparent from the clerk's transcript on appeal that the only written notice of time and place of trial purportedly given was the notice of hearing given by the clerk on July 14, 1961. There is no affidavit of service of such notice attached thereto or filed among the papers of the cause, but merely a notation thereon by the clerk of the persons to whom such notice was purportedly mailed. Moreover, neither McGuire nor his attorney of record, Moore, nor the attorneys who were actually representing him, i.e., the Woodman firm, are mentioned or designated on said notice as persons to whom the notice was mailed. It is clear, therefore, that the said notice was not given in compliance with either section 594, subdivision 1, or with rule 8.12 of the Superior Court Rules.

We next consider the question as to whether there was oral notice of time and place of trial, and if so whether such notice was proper. As we have pointed out above, oral notification of the time and place fixed for trial at the pretrial conference when communicated to counsel or the parties present would be in compliance with section 594, subdivision 1. In the present case the pretrial order fixed the time and place of trial for August 15, 1961, at 9:30 a.m. in department one of the court below. Not only was there a failure to introduce this notice in evidence, but a perusal of the same indicates there is no affidavit of service of the same. Moreover, even if we were to consider it as part of the record, it shows on its face that neither McGuire, nor Moore, nor any member of the Woodman firm was present at the pretrial conference. We are not unmindful of the statement of Mr. Hilger, counsel for plaintiff, made to the court on the first day of the trial that Mr. Sautter had attended the pretrial conference.

---

[20] The trial court cited section 2009 of the Code of Civil Procedure permitting the use of affidavits in proving the fact of notice being mailed.

However, Mr. Hilger was not sworn and this statement, particularly in view of the recitals in the pretrial order, falls short of the proof necessary to establish the fact of Mr. Sautter's presence. Moreover, the occurrences at the pretrial conference and the provision in the pretrial order as to the time and place of trial were rendered ineffective and a nullity, when the clerk purported to give notice that the date of trial had been reset to August 16, 1961, at 1:30 p.m. in department one. The clerk, being an officer of the court, was presumably acting under the trial court's order and direction. (Code Civ. Proc., § 1963, subd. 15.) The setting of a new trial date was not done at the pretrial conference nor in the presence of the parties or their attorneys, nor does it appear, with their consent. This procedure therefore called for the application of rule 8.12 (now rule 220) which required the clerk of the court to give five days' notice of the time and place of trial by mail because the date of trial was not fixed at the pretrial conference. It is apparent that the clerk proceeded to comply with this rule when he mailed the written notice of hearing on July 14, 1961. However, as we have pointed out above, this notice, even if a proper subject of consideration, was not mailed to all of the parties appearing in the cause as provided in the rule because it was not mailed to McGuire or his attorneys, nor is it supported by any affidavit or proof of service.

 Finally, we are called upon to consider whether the required notice has been waived by McGuire or his attorneys. There was no showing made to the trial court that Attorney Moore or any of the attorneys in the Woodman firm had knowledge of the actual date for trial for the required period so as to amount to actual notice of such date. All that the record discloses is that Moore was present on the date the cause came to trial. His presence, of course, did not constitute presence on the part of McGuire so as to amount to a waiver of notice because on that day he was not McGuire's counsel, having been formally relieved as McGuire's counsel of record five days previously. As to McGuire himself there was no proof that he had actual notice of the trial date. The only circumstance tending to indicate knowledge of the trial date consisted of the two telegrams which the trial court had before it when it was considering McGuire's request for a continuance on the first day of the trial. The first telegram stated that McGuire ''had no knowledge of trial date until Aug

10''; and the second contained the statement: ''. . . very first notice of trial date received only August 10.'' While a formal notice of trial served on August 10 would have sufficed as a notice of time and place of trial for a cause set for trial on August 16, the telegrams do not indicate the nature of the notice or from whom received. Furthermore, they do not indicate whether the reference was to the formal notice prescribed by section 594, subdivision 1, or to knowledge acquired other than by such notice. At best these telegrams merely indicate that McGuire had knowledge of *some* trial date, but they do not indicate *what* trial date. ▪ Mere knowledge of a probable date of trial is not sufficient. (*Payer v. Mercury Boat Co., supra,* 195 Cal.App.2d 659, 661; *Hurley v. Lake County, supra,* 113 Cal.App. 291.) ▪ No request was made, moreover, that these telegrams be received in evidence. To the contrary, at the urging of counsel for plaintiff and for Hampton, who were resisting a continuance, the court declined to consider them in connection with McGuire's request for a continuance because of their informality.

### Does a Reversal of the Judgment Against McGuire Vacate the Judgment Against Hampton?

▪ This question must be answered in the affirmative. Hampton was held liable under the doctrine of *respondeat superior.* The record not only discloses that the cause was tried on the theory that liability of McGuire was primary and that of Hampton secondary, but the trial court specifically instructed the jury that Hampton was sued on the theory that it was a principal for whom McGuire was acting as an agent or employee within the scope of his authority, and that if they found that McGuire was not liable then Hampton could not be held liable. That this theory was the basis of plaintiff's action is further demonstrated by the trial court's ruling denying Hampton's motion for a judgment notwithstanding the verdict wherein the court states as follows: ''The only way in which defendant Hampton Plywood could be held liable for the injuries suffered would be as the employer of defendant McGuire. . . . The evidence of employment is based principally upon the deposition of defendant McGuire. His testimony was such that, if the jury chose to believe it, (and it came in without objection) they could find that McGuire was the employee of Hampton.''

▪ It is established law that if the rights and liabilities of codefendants are interdependent or those of one are entirely

dependent on the other, the judgment should be treated as an entirety, and, if vacated as to the one upon whom the other's rights depend, it must also be vacated as to the latter. (*Hoffmann* v. *Lane,* 11 Cal.App.2d 655, 661 [54 P.2d 477]; *Bishop* v. *Superior Court,* 59 Cal.App. 46, 48-49 [209 P. 1012]; *Bradley* v. *Rosenthal,* 154 Cal. 420, 423 [97 P. 875, 129 Am.St.Rep. 171]; *Will* v. *Southern Pacific Co.,* 18 Cal. 2d 468, 472 [116 P.2d 44]; *Gardner* v. *Marshall,* 24 Cal.2d 686, 689-690 [151 P.2d 122]; *Winkler* v. *Southern Cal. etc. Medical Group,* 141 Cal.App.2d 738, 746 [297 P.2d 728].) The basis of this rule is that where the liability of the principal is entirely dependent upon that of the agent, an exoneration of the agent must exonerate the principal, since the only wrong that could be found to have been done by the principal was through the agent. (*Bishop* v. *Superior Court, supra*; *Bradley* v. *Rosenthal, supra;* see *Adams Mfg. & Engineering Co.* v. *Coast Centerless Grinding Co.,* 184 Cal. App.2d 649, 655-656 [7 Cal.Rptr. 761]; *Hendriksen* v. *Young Men's Christian Assn.,* 173 Cal.App.2d 764, 769-770 [344 P.2d 77].)

In the *Bishop* case judgment was entered against the principal and his agent for damages in an action based upon the false representations of the agent in which the principal did not participate, but for which the principal was held liable under the doctrine of *respondeat superior.* The agent moved for a new trial and the motion was granted on the ground of the insufficiency of the evidence. The principal did not join in the motion. Execution was sought against the property of the principal, but was refused on the ground that the order granting a new trial to the agent had the effect of vacating the judgment as to the principal, since the liability of the principal was dependent upon that of the agent.

In *Hoffmann* a judgment for damages was rendered against the owner and the driver of a truck, the owner's liability being based on the negligence of the driver who was the owner's employee. The plaintiff was not satisfied with the amount of the judgment. He moved for a new trial. The motion was granted as to the driver. The driver appealed from the order granting a new trial, and the employer appealed from the judgment. The appellate court held that the order granting the new trial as to the employee left the question of his negligence an open one, and that the judgment

against the employer could not stand if on a retrial the question of negligence were resolved in favor of the employee. The judgment against the employer was reversed on the theory that his liability depended on the liability of the employee, and that the judgment as to the employer should not stand pending the final determination of the liability of the employee.

In *Gardner*, a personal injury case, the defendants were a corporate employer and its employee. The employee was granted a new trial on the ground of excessive damages. The employer thereafter moved for a new trial which was denied. The reviewing court held that it was improper to deny the employer's motion on the ground that if the damages were excessive as to the employee, they were likewise excessive as to his employer.

The *Bradley* case dealt with a situation where the jury found in favor of one defendant and against the other. The defendant against whom the verdict was rendered appealed. The appellate court held that the appellant could only be held for negligence on the theory that the other defendant was its agent and reversed the judgment in favor of the agent and against the appellant and remanded the cause for a new trial.

In *Will* it was held that a verdict exonerating the engineer and fireman in a cause of action against the railroad on account of the negligent operation of a train absolved the company insofar as any negligence in the operation of the train was concerned because such liability is based upon the doctrine of *respondeat superior*.

In *Winkler*, a malpractice action was brought against a doctor and his employees. The reviewing court reversed a judgment against the employer for erroneous instructions and then reversed the judgment in favor of the employees, stating that the employer's liability could rest only on *respondeat superior*, and since it could not be determined on what basis the jury returned a verdict in favor of the employees, while returning one against the employer, the judgment in favor of the employees would have to be reversed for a new trial on the issues framed by the pleadings as to the employees' negligence.

The judgment against appellants is reversed and the cause is remanded for a new trial. The appeals from certain orders of the trial court have become moot by our reversal of the

judgment, and the appeals from said orders are therefore dismissed. Appellants are to recover costs on appeal.

Bray, P. J., and Sullivan, J., concurred.